IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL ELDER,<br>aka Jimmie Lewis,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF DELAWARE,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 15-765-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM**

I. **BACKGROUND**

In October 2003, a Delaware Superior Court jury convicted petitioner Emmanuel Elder of carjacking, felony theft, and resisting arrest. *See Lewis v. State*, 884 A.2d 512 (Table), 2005 WL 2414293 (Del. Sept. 29, 2005). The Superior Court sentenced Elder to eight years of imprisonment, suspended after six years for decreasing levels of probation. Elder appealed, and the Delaware Supreme Court affirmed his convictions and sentences. *Id.*

Thereafter, Elder filed numerous applications for post-conviction review in the Delaware state courts, all of which were denied. *See State v. Lewis*, 2015 WL 301986, at *1-*2 (Del. Super. Ct. Jan. 22, 2015) In July 2008, Elder filed a federal petition for habeas corpus in this court, which the court denied as time-barred on December 9, 2009. *See Lewis v. Phelps*, 672 F. Supp. 2d 669 (D. Del. 2009). Finally, on June 21, 2010, Elder's Delaware sentence was completely discharged; as a result, Elder was no longer in custody pursuant to his 2003 Delaware conviction. *See Lewis*, 2015 WL 301986, at *2.

On September 8, 2014, Elder filed his fifth Rule 61 motion for post-conviction relief in the Delaware Superior Court challenging his 2003 convictions and sentence in Delaware. *See Lewis*, 2015 WL 301986, at *2. The Delaware Superior Court denied the Rule 61 motion on January 22, 2015 because Elder's complete discharge from Delaware custody with respect to his 2003 convictions and sentence deprived him of standing to pursue the motion.[1] *Id.* at *3.

Presently pending before this court is Elder's petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. (D.I. 2) Elder challenges the Delaware Superior Court's denial of his fifth Rule 61 motion, and he contends that his 2003 Delaware convictions were unlawful. (D.I. 2 at 4) He asks the court to: (1) vacate his Delaware convictions; (2) order a writ to adjudicate him competent; and (3) order a writ declaring him actually innocent of all the offenses listed in his original indictment. (D.I. 2 at 24)

## II. STANDARD OF REVIEW

Federal courts have authority to issue a writ of error coram nobis under the all writs act, which permits "courts established by an Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. The availability of coram nobis relief is limited to situations where the petitioner's sentence has been served, the petitioner shows exceptional circumstances and continuing collateral disadvantages, and alternative remedies (such as habeas corpus) are not available. *United States v. Denedo*, 556 U.S. 904, 911

---

[1] It appears that Elder was convicted in Ohio on September 24, 2014 on charges of failure to comply with an order or signal of a police officer, obstructing official business, failure to register, a headlight violation, and a no tail light or rear license plate violation. *See Elder v. Ohio*, 2015 WL 4138738, at *1 (N.D. Ohio July 8, 2015). He was sentenced to serve a term of thirty months in prison. *Id.* at *2.

(2009). Significantly, however, coram nobis relief is not available in federal court as a means of attacking a state court judgment. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Rather, a person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court. *Id.*

### III. DISCUSSION

In this case, Elder challenges the legality of his 2003 Delaware convictions for carjacking, felony theft, and resisting arrest. (D.I. 2 at 24) The court's power of coram nobis review is limited to challenges associated with federal convictions. Thus, to the extent the instant filing may be considered a "true" petition for a writ of error coram nobis, it is dismissed for lack of jurisdiction.

Even if the court were to construe the instant filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Elder would not be entitled to relief. A federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a). Elder is no longer in custody pursuant to the 2003 Delaware convictions and sentence he is presently challenging. Therefore, the court cannot entertain his habeas request under § 2254.

### IV. CONCLUSION

For the aforementioned reason, the court will dismiss Elder's petition for a writ of error coram nobis for lack of jurisdiction. The court will also decline to issue a certificate of appealability because Elder has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011);

*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Jan 22, 2016
DATE

_____
UNITED STATES DISTRICT JUDGE